UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY EMANUEL, JR.,<br><br>        Plaintiff,<br> v.<br>COOKE, *et al.*,<br><br>        Defendants. | Case No. 3:23-cv-00564-MMD-CSD<br><br>ORDER |

  Pro se Plaintiff Troy Emanuel, Jr., who is currently in the custody of the Nevada Department of Corrections, brings Eighth Amendment claims and a retaliation claim under 42 U.S.C. § 1983 against Defendants Brown, Gamberg, Cooke, Drummond, Gittere, Milke, and Pickens. (ECF No. 52 at 1.) Emanuel filed a motion for summary judgment. (ECF No. 49 ("Motion").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Motion be denied as premature. (ECF No. 52.) Emanuel did not file an objection to the R&R. The Court will adopt the R&R in full and address a more recent motion Emanuel filed. (ECF No. 53.)

  Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

  A motion for summary judgment filed prior to the opposing party's answer is premature. *See* FED. R. CIV. P. 56 advisory committee's note to 1946 amendment. Judge Denney found that the Motion was premature because Defendants had not yet filed an answer when Emanuel filed his Motion. (ECF No. 52 at 2.) The Court had also not entered

a discovery plan and scheduling order or permitted discovery to take place. (*Id.*) The Court is satisfied that Judge Denney did not clearly err in finding that Emanuel filed his Motion prematurely. The Court will accordingly adopt Judge Denney's recommendation to deny Emanuel's Motion.

Emanuel also filed a motion to demand jury trial. (ECF No. 53.) In this motion, he requests that this case proceed to trial without performing discovery. (*Id.* at 1-2.) For clarity, the case will proceed towards a jury trial as both parties demanded it. (ECF Nos. 5 at 1, 54 at 1.) However, discovery is required as it allows parties to access information that may support their claims. *See* FED. R. CIV. P. 26(a)(1)(A)(ii) (requiring parties to provide "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses"). The Court will therefore treat the motion as a motion for clarification, grant the motion to the extent necessary to assure Emanual that this case is proceeding towards a jury trial, but reminds Emanuel that discovery in anticipation of a jury trial is not optional.

It is therefore ordered that Judge Denney's R&R (ECF No. 52) is accepted and adopted in full.

It is further ordered that Emanuel's motion for summary judgment (ECF No. 49) is denied without prejudice as premature.

It is further ordered that Emanuel's motion to demand jury trial (ECF No. 53) is granted as specified herein.

DATED THIS 15th Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE