UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY EMANUEL, JR.,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>COOKE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:23-cv-00564-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Troy Emanuel, Jr., who is currently in the custody of the Nevada Department of Corrections ("NDOC"), brings Eighth Amendment claims and a retaliation claim under 42 U.S.C. § 1983. (ECF No. 52 at 1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Court grant Defendants' motion for summary judgment (ECF No. 68 ("Motion")) because Plaintiff failed to exhaust his administrative remedies before bringing this action.[1] (ECF No. 81.) The parties had until September 4, 2025 to file an objection. To date, no objection has been filed.

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."). Judge Denney reviewed Plaintiff's grievance history and found undisputed evidence that Plaintiff filed this action before the deadline for a response to his second level grievance under NDOC's Administrative Regulation 740. (ECF No. 81 at 5-8.) Judge Denney thus found that Defendants met their burden to show

---

[1]Plaintiff opposed the Motion (ECF No. 73) and Defendants replied (ECF No. 79).

Plaintiff did not exhaust available administrative remedies, and Plaintiff did not offer evidence to show that administrative remedies were not available to him.[2] (*Id.*) Having reviewed the briefs relating to the Motion, the Court finds that Judge Denney did not clearly err. Accordingly, the Court adopts the R&R in full.

It is therefore ordered that Judge Denney's R&R (ECF No. 81) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 68) is granted.

The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 3rd Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). Administrative exhaustion is subject to a burden-shifting analysis. *See id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* Once a defendant demonstrates that a plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff to present evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).